RECEIVED

2017 JUL 21 P 12:08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS,<br><br>Plaintiff,<br><br>v.<br><br>TETYANA V. SCHENZEL, CHRISTINE MOORMAN, and AMERICAN FUNERAL FINANCIAL, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:17-CV-492-WKW |

### COMPLAINT IN INTERPLEADER

COMES NOW Thrivent Financial for Lutherans ("Thrivent"), a fraternal benefit society incorporated under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin, and respectfully states as follows:

1. Jurisdiction herein exists under the Rules of Statutory Interpleader, 28 U.S.C. § 1335 *et seq.*

2. This is a civil action for interpleader, governed by 28 U.S.C. § 1335, inasmuch as it involves adverse claims to the death benefits due under a policy of insurance bearing Certificate No. 4686702 (the "Policy") issued to and owned by

{BH332243.1}

Thomas F. Schenzel (the "Insured" or "Thomas Schenzel"). See Declaration of Deb Winninger, attached hereto as Exhibit A. A true and correct copy of the Policy is attached hereto as Exhibit A-1.

3. Defendant Tetyana V. Schenzel ("Mrs. Schenzel") is, upon information and belief, a resident of and a citizen of Elmore County, Alabama, which is within the Middle District of Alabama.

4. Defendant Christine Moorman ("Ms. Moorman") is, upon information and belief, a resident and citizen of Covington, Louisiana.

5. Defendant American Funeral Financial LLC ("American Funeral") is, upon information and belief, a limited liability company incorporated in the State of South Carolina with its principal place of business in South Carolina.

6. Jurisdiction is proper under 28 U.S.C. § 1335 because the Policy has a value of more than $500.00, and the two adverse claimants, Mrs. Schenzel and Ms. Moorman, are of diverse citizenship as defined in 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1335, the district court shall have original jurisdiction of any civil action of interpleader where the value of the insurance policy is $500.00 or more and at least two of the claimants to the funds are of diverse citizenship.

7.   Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because it is the judicial district in which the insured resided and the district in which the claimant, Mrs. Schenzel, resides.

8.   Thrivent seeks to deposit $50,119.71, the amount of the death benefit of the Policy, plus interest into the Registry of the Court in order to abide the Judgment of the Court. Thrivent will file an Ex Parte Motion to deposit the funds.

9.   Effective March 23, 2009, Thrivent issued the Policy.

10.  At the time of issuance of the Policy, the Insured designated the beneficiary as "Proceeds will be paid to Tetyana Schenzel, 163 Hillside Ridge Wetumpka, AL 36093, spouse, if surviving; otherwise to all children of the insured/annuitant, equally to the survivor(s); except that if any child predeceases the insured/annuitant, leaving issue surviving the insured/annuitant, the share of such deceased child shall be paid to such surviving issue in equal shares. If none survive the insured/annuitant; then to the estate of the owner." See Exhibit A-1, Application, p. 6.

11.  Subsequently, on April 24, 2017, the Insured executed a form ("Beneficiary Designation Form") changing the beneficiary of the Policy to Christine Moorman as a primary beneficiary entitled to 80% of the Policy proceeds

and Tanya Schenzel as a primary beneficary entitled to 20% of the Policy proceeds. See Exhibit A-2.

12. On May 2, 2017, Thrivent wrote to the Insured, stating that its records reflected that the primary beneficiaries were Christine Moorman (80% of the Policy proceeds) and Tanya Schenzel (20% of the Policy proceeds). See Exhibit A-3.

13. On June 10, 2017, the Insured died. See Exhibit A-4.

14. On June 12, 2017, Thrivent received a phone call from American Funeral notifying Thrivent of the Insured's death. Later that day, Thrivent received an assignment notification from American Funeral indicating that Ms. Moorman had assigned $6,989.10 of the Policy proceeds to American Funeral. See Exhibit A-5.

15. On June 19, 2017, Thrivent was informed that Mrs. Schenzel was contesting the validity of the Beneficiary Designation Form dated April 24, 2017.

16. On June 20, 2017, Mrs. Schenzel wrote Thrivent informing Thrivent that changes may have been made to the Policy that were not the wishes of the Insured. Mrs. Schenzel indicated that the Insured was very sick prior to his death and had suffered from progressive dementia. In addition, Mrs. Schenzel questioned why the Insured referred to her in the Beneficiary Designation Form as

"Tanya," her nickname, instead of "Tetyana," her legal name. Mrs. Schenzel requested that the Policy proceeds not be distributed until she could retain an attorney. See Exhibit A-6.

17. On June 22, 2017, Mrs. Schenzel wrote Thrivent a second letter. The second letter contained information similar to the first letter. Again, Mrs. Schenzel requested that the Policy proceeds not be distributed until she could seek legal advice regarding the circumstances surrounding the Beneficiary Designation Form. See Exhibit A-7.

18. On June 26, 2017, Ms. Moorman made a claim for the Policy proceeds. See Exhibit A-8.

19. On June 29, 2017, American Funeral made a claim for that portion of the Policy proceeds assigned to it. See Exhibit A-9.

20. On July 3, 2017, American Funeral provided Thrivent with a copy of the Insured's death certificate.

21. On July 5, 2017, Thrivent was informed that Cheryl Perez was the witness to the Beneficiary Designation Form submitted by the Insured on April 24, 2017.

22. On July 11, 2017, Thrivent received a letter from Cheryl Perez stating that she witnessed the signature of the Insured on April 24, 2017. See Exhibit A-10.

23. To date, although Thrivent has received one claim form from Ms. Moorman, it has also received two letters from Mrs. Schenzel questioning the validity of the Beneficiary Designation Form signed on April 24, 2017 and requesting that Thrivent not distribute the Policy proceeds.

24. As a result of the conflicting claims, Thrivent is unable to establish the proper party to receive the Policy's proceeds, and faces a potential for double or multiple liability for the proceeds. Therefore, it is essential that the Court determine in this action the party to whom the Policy proceeds are payable.

25. Thrivent is entitled to an order restraining each of the defendants in interpleader from instituting or pursuing any action against it for the recovery of the Policy's proceeds or any portion thereof. Thrivent will file an *Ex Parte* Motion for an Order Restraining the Defendants after it has deposited the proceeds of the Policy into the Registry of the Court.

26. Thrivent is further entitled to an order discharging it from any and all further liability in connection with the Policy, and upon its dismissal, an award out

of the funds on deposit for reimbursement of its attorneys' fees and costs incurred in this action.

WHEREFORE, Thrivent Financial for Lutherans respectfully prays that the Court order as follows:

That Tetyana V. Schenzel, Christine Moorman, and American Funeral Financial, LLC to be duly cited herein to respond to this Complaint and interplead their respective claims to the money deposited into the Registry of Court;

That each of the defendants be restrained from instituting any action against Thrivent Financial for Lutherans for the recovery of any Policy proceeds;

That the Court discharge Thrivent Financial for Lutherans from any and all further liability in connection with the Policy;

That the Court award to Thrivent Financial for Lutherans all costs and reasonable attorneys' fees in connection with bringing this interpleader; and

That the Court award Thrivent Financial for Lutherans all other general and equitable relief to which it is entitled.

Respectfully submitted,

*/s/ Emily Sides Bonds*
Emily Sides Bonds (ASB-9610-N77E)
Attorney for Thrivent Financial for Lutherans

OF COUNSEL:
JONES WALKER LLP
1819 5th Ave. N., Ste. 1100
Birmingham, AL 35203
Telephone (205) 244-5235
Facsimile (205) 244-5435
ebonds@joneswalker.com

**Note to Clerk of Court: No Summons forms are requested at this time.**